Willard August BARTELMEHS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A-12208.

Criminal Court of Appeals of Oklahoma.

Nov. 23, 1955.

Homer Thompson, Public Defender, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

An information was filed in the District Court of Oklahoma County charging the defendant, Willard August Bartelmehs, alias William Albritton, with the crime of burglary in the second degree after former convictions of felonies; he was found guilty by verdict of the jury who left the punishment to be fixed by the court; thereafter the accused was sentenced to serve 25 years in the penitentiary.

Although the trial court offered to appoint counsel to represent the accused at the trial and even insisted that the accused should have counsel to advise with him during the trial, such offers were refused and the defendant handled his own case. However, he showed a familiarity with court proceedings and the trial court was diligent to protect his rights and see that no hearsay or incompetent evidence was introduced against him. After the conviction had been sustained, the trial court directed the public defender to appeal the case for the accused and in the appeal only one proposition is presented, to-wit: Was the judgment and sentence excessive?

The accused was a skilled organ player. He had become acquainted with Nancy Farley, a school teacher in Oklahoma City, and had visited in her home. On two occasions he had played the organ at Sunday School for Miss Farley and her friends. Sometime in the latter part of August, 1953, while Nancy Farley was absent from her home, the defendant entered her house by forcing open a window and stole some Samsonite luggage, a movie slide projector and other personal property valued in excess of $300. Most of the personal property was recovered several days later in Tulsa where it had been left by the accused. His guilt was established and admitted by the accused.

The citation of cases on the question of the alleged excessiveness of punishment is not helpful as such question must be determined after a careful consideration of all the facts in each case. The record shows the accused was very cooperative with the officers in furnishing them information so that they could recover the personal property which was taken. He denied entering the house through a window in his statement to the officers, but said he entered through a side door.

Some states have statutes providing for a life sentence after the third or fourth conviction for a felony. We do not have such a mandatory law in Oklahoma, but our habitual criminal statute as applicable to this case fixes a minimum punishment of 10 years in the penitentiary with no maximum. 21 O.S.1951 § 51, subd. 1.

After careful consideration of the record, we have come to the conclusion that justice will be served by modifying the sentence from 25 years imprisonment in the penitentiary to a term of 15 years imprisonment in the penitentiary and the judgment and sentence as thus modified is affirmed.

BRETT and POWELL, JJ., concur.